IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| D.A., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LARRY HOGAN, in his official capacity as GOVERNOR of the State of Maryland, *et al.*,<br><br>    Defendants | CIVIL ACTION NO. 1:21-cv-01624-RDB<br><br>**REMOVED FROM THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**<br><br>**IMMEDIATE HEARING REQUESTED** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**<u>EMERGENCY MOTION FOR REMAND TO STATE COURT</u>**

Plaintiffs, through undersigned counsel, file this Emergency Motion to Remand to State Court and Request for Immediate Hearing.  This Court lacks subject matter jurisdiction over Plaintiffs' case.  As courts of limited jurisdiction, a federal court "may not exercise jurisdiction absent a statutory basis," and it must "presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  <u>Kerkhof v. Johnson & Johnson</u>, 602 B.R. 928, 931 (D. Md. 2019).  Defendants' Notice of Removal, which invokes 28 U.S.C. § 1331 (the federal question statute) as their basis for removal, grossly mischaracterizes that statute, as well as the basis for Plaintiffs' claims, and it is wholly without merit.  Defendants' Notice of Removal is so misleading, in fact, that it suggests Defendants are attempting to delay resolution of this case in state court, rather than invoking federal jurisdiction, which plainly does not exist.

**<u>AN IMMEDIATE HEARING ON THIS MOTION IS NECESSARY</u>**

Counsel for Plaintiffs have informed counsel for Defendants that an immediate hearing on this Emergency Motion is necessary.  Before removal, Plaintiffs' Complaint and Emergency

Motion for TRO were pending before Magistrate Judge Sara Walsh in Baltimore City Circuit Court, and Magistrate Walsh has indicated that the Circuit Court will arrange to hold a hearing on this Emergency TRO motion this afternoon (July 1) or tomorrow morning (July 2). Proceeding with this hearing on the schedule established before removal is *critically important* to preventing irreparable harm to Plaintiffs, whose unemployment benefits are otherwise set to be unlawfully terminated in two days, on July 3rd.

## **THERE IS NO FEDERAL JURISDICTION HERE**

The federal question jurisdiction statute provides, in its entirety, as follows: "The district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plainly, this case is not a civil action that has arisen under federal law. Plaintiffs' three-count Complaint alleges that Defendants have violated *state* statutory and constitutional law, including Title 8 of the Maryland Labor & Employment Article and Article 24 of the Maryland Declaration of Rights. Plaintiffs seek a declaratory judgment from a state court judge regarding their rights under Maryland state law. Plaintiffs do not allege that Defendants have violated federal law, nor do they claim that federal law entitles them to the unemployment benefits they seek. Rather, Plaintiffs' claims of entitlement to enhanced unemployment benefits are grounded *exclusively* in what Maryland state law requires of Governor Hogan and Secretary Robinson. The case law makes clear: "for the court to retain federal question jurisdiction, the federal question must be a *direct element* in the plaintiff's claim and must be *substantial* and not plainly frivolous." Powell v. Md. Div. of Correction, 2021 WL 2414936 (D. Md. June 14, 2021) (emphasis added).

The cases have further clarified that the mere implication of a federal statute in a cause of action grounded solely in state law (here, the implicated federal statute being the CARES Act, 15

U.S.C. § 9001 *et seq.*, which authorizes funding for the enhanced unemployment benefits) is not enough to create federal question jurisdiction:

> Although federal regulatory schemes may be implicated here, "it takes more than a federal element to open the 'arising under' door." [Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S.Ct. 2121, 2137 (2006)]. The mere presence of a federal standard embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction where there is no federal remedy for a violation of the federal statute. Merrell Dow Pharma., Inc. v. Thompson, 478 U.S. 804, 810–14 (1986)].

Pennsylvania v. Eli Lilly & Co., Inc., 511 F. Supp. 2d 576, 584-85 (ED Pa. 2007) (emphasis added).  Moreover, that the CARES Act is the source of the unemployment insurance funds the State is attempting to terminate does not confer federal jurisdiction:

> ***Similarly, the fact that a federally created program, Medicaid, serves as the initial source of the funds the Commonwealth seeks to recover does not, without more, confer federal jurisdiction***. *Commonwealth of Massachusetts v. Philip Morris, Inc.*, 942 F. Supp. 690, 694 (D.Mass.1996); see also *Gingerich v. White Pigeon Community School*s, 736 F. Supp. 147 (W.D.Mich.1990) (holding the receipt and use of federal funds insufficient to confer federal jurisdiction).

Id.  As another court has explained:

> Defendants mistakenly assume that the receipt and use of federal funds is sufficient to confer federal jurisdiction. To invoke federal question jurisdiction, the claim must 'arise under' federal law. 28 U.S.C. § 1331. Count V states a cause of action premised upon state law: illegal expenditure of state and federal funds in violation of [M.C.L.A. § 333.6231(3)] M.S.A. § 14.15(6231)(3). Second Amended Complaint, ¶ 10.2.  A state-created claim can only be said to 'arise under' federal law if the dispute turns upon the 'validity, construction, or effect of federal law' where the federal question is a real and substantial issue whose resolution is an essential element of the case. City Nat. Bank v. Edmisten, 681 F.2d 942, 945 (4th Cir.1982); Gully v. First National Bank, 299 U.S. 109, 57 S. Ct. 96, 81 L .Ed. 70 (1936).

3

Gingerich v. White Pigeon Cmty. Sch., 736 F. Supp. 147, 150–51 (W.D. Mich. 1990).  See also Highland Hills Hosp. v. State, Dept of Health & Hosps., 926 F. Supp. 83, 86 (M.D. La. 1996) ("[T]he mere presence of federal funds is insufficient to confer federal question jurisdiction over this lawsuit.").

Defendants' Notice of Removal quotes only half a sentence from Plaintiff's 97 paragraph Complaint in an attempt to justify federal jurisdiction, namely that "Plaintiffs allege that the State of Maryland has 'refused to ensure continued access to federal unemployment benefits offered through the … CARES Act.'"  [ECF No. 1 at ¶5].  Thus, Defendants erroneously rely on what the courts have resoundingly rejected—the existence of federal funds is not enough for federal question jurisdiction.

This Court lacks jurisdiction to hear this action.  In order to permit Plaintiffs to have their TRO motion heard before Saturday, this case should be remanded back to state court immediately.

    Respectfully submitted,

    **GALLAGHER EVELIUS & JONES LLP**

       /s/  Paul S. Caiola
    Paul S. Caiola, Fed. Bar No. 2394
    Meghan K. Casey, Fed. Bar No. 28958
    Hannah L. Perng, Fed. Bar No. 20720
    218 North Charles Street, Suite 400
    Baltimore, Maryland  21201
    Telephone: (410) 727-7702
    Facsimile: (410) 468-2786
    pcaiola@gejlaw.com
    mcasey@gejlaw.com
    hperng@gejlaw.com

          **PUBLIC JUSTICE CENTER**

          /s/ Sally Dworak-Fisher
          Sally Dworak-Fisher, Fed. Bar No. 27321
          Debra L. Gardner, Fed. Bar No. 24239
          Monisha Cherayil, Fed. Bar No. 18822
          Tyra M. Robinson, Fed. Bar No. 21289
          201 North Charles Street, Suite 1200
          Baltimore, Maryland  21201
          Telephone: (410) 625-9409
          Facsimile: (410) 625-9423
          dworak-fishers@publicjustice.org
          gardnerd@publicjustice.org
          cherayilm@publicjustice.org
          robinsont@publicjustice.org.

          *Attorneys for Plaintiffs*

Dated: July 1, 2021