IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| D.A., *et al.*, | * | |
|     Plaintiffs, | * | |
| | | Civil Action No. RDB-21-1624 |
| v. | * | |
| Governor Larry Hogan, *et al.* | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

In this case, Plaintiffs D.M., D.A., A.M., Kevin Baxter, Shad Baban, and Jennifer Graham ("Plaintiffs") challenge the State of Maryland's decision to terminate their federal unemployment benefits under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 15 U.S.C. § 9001 *et seq.*[1]  Defendants Governor Lawrence Hogan and Maryland's Secretary of Labor Tiffany Robinson ("Defendants") have removed the case from the Circuit Court for Baltimore City to this Court, asserting that it raises a federal question warranting this Court's exercise of its subject matter jurisdiction.  Simply put, the State of Maryland's decision to terminate the receipt of federal funding is a public policy decision that does not create a question of federal law requiring this Court to determine the validity, construction, or effect of the CARES Act.

Presently pending is Plaintiffs' Emergency Motion for Remand to State Court. (ECF No. 4.)  The matter has been fully briefed and this Court held a telephonic hearing on the

---

[1] A related state case was also removed to this Court on June 30, 2021 by a different set of plaintiffs, but that case was voluntarily dismissed the following day by those plaintiffs. *See Harp et al. v. Hogan et al.*, Civil Action No. RDB-21-1608 (D. Md. June 30, 2021).

record on Plaintiffs' Motion on July 1, 2021.[2]  For the reasons stated herein, Plaintiffs Emergency Motion for Remand to State Court (ECF No. 4) is GRANTED and this case is REMANDED to the Circuit Court for Baltimore City.

## BACKGROUND

On March 27, 2020, in response to the COVID-19 Pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which, *inter alia,* provided enhanced unemployment insurance benefits for workers who would not otherwise be eligible for relief.  15 U.S.C. § 9001 *et seq.*  Three types of benefits are created by the CARES Act: (1) Pandemic Unemployment Assistance ("PUA"); (2) Pandemic Emergency Unemployment Compensation ("PEUC"); and (3) Federal Pandemic Unemployment Compensation ("FPUC"), which increased the amount of unemployment insurance benefit payments a worker could receive by $300 a week from December 27, 2020 to September 6, 2021.  *See* 15 U.S.C. § 9023, further amended by the American Rescue Plan Act of 2021 ("ARPA"), Pub L. No. 117-2, §§ 9011, 9013, 9016 (March 11, 2021).  The CARES Act requires the U.S. Secretary of Labor to provide CARES Act Benefits through agreements with the States and specifically provides that agreements regarding the receipt of PEUC and FPUC benefits may be terminated by a state upon 30 days' written notice.  15 U.S.C. §§ 9023(a), 9025(a).

On June 1, 2021, Governor Hogan notified the U.S. Secretary of Labor that Maryland would be ending its participation in the PUA, PEUC, and FPUC benefits on July 3, 2021, more than 2 months prior to the federal expiration of the benefits.  (*See* Hogan Letter, ECF No. 1-3.)  On June 30, 2021, Plaintiffs D.M., D.A., A.M., Kevin Baxter, Shad Baban, and

---

[2] This telephonic hearing was available to members of the public.

Jennifer Graham, who allege they are all recipients of FPUC benefits and, in some cases PUA and PEUC benefits, filed a declaratory judgment action in the Circuit Court for Baltimore City against Defendants Governor Larry Hogan and Secretary of Maryland's Department of Labor, Tiffany Robinson. (State Court Complaint, ECF No. 1-1.) Plaintiffs seek declaratory and injunctive relief, arguing that they are entitled to a preliminary injunction that enjoins the State of Maryland from prematurely cutting off their CARES Act benefits. (*See* Plaintiffs Motion for TRO, ECF No. 1-3.)

On July 1, 2021, Defendants in this case removed the action to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1.) The same day, Plaintiffs filed the presently pending Emergency Motion for Remand to State Court. (ECF No. 4.) This Court also held a hearing on July 1, 2021 on Plaintiffs' Motion.

## STANDARD OF REVIEW

It is well established that the burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Federal courts have original jurisdiction over two kinds of civil actions: those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a).

Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if jurisdiction is defective. 28 U.S.C. § 1447(c). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ..." 28 U.S.C. § 1447(d). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals. Co., Inc.* 29 F.3d 148, 151 (4th Cir. 1994); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

## ANALYSIS

The mere fact that a lawsuit implicates federal funding does not, by itself, confer federal subject matter jurisdiction. Defendants argue that this case rises and falls on whether Maryland can withdraw from the CARES Act which, they assert, inherently raises a federal question that warrants federal jurisdiction. For their part, Plaintiffs argue that, despite the Complaint's reference to the federal CARES Act, 15 U.S.C. § 9001 *et seq.*, their claims exclusively seek relief under state statutory and constitutional law. Specifically, they claim entitlement to enhanced unemployment benefits that are grounded exclusively in what Maryland state law requires of Governor Hogan and Secretary Robinson.

The claims brought by Plaintiffs do not challenge the "validity, construction, or effect" of the CARES Act and its grant of federal funds to the States. *See City National Bank v. Edmisten*, 681 F.2d 942, 945 (4th Cir. 1982). Rather, Plaintiffs challenge the validity of the State of Maryland's policy decision to terminate the federal funding, which decision was explicitly provided for in Sections 9023(a) and 9025(a): "Any State which is a party to an agreement under this section may, upon providing 30 days' written notice to the Secretary, terminate such agreement." Challenges to state policy decisions that merely implicate funds granted to a state pursuant to a federal statute do *not* automatically trigger a federal question warranting federal subject matter jurisdiction. *See Edmisten*, 681 F.2d at 945; *Pennsylvania v. Eli Lilly & Co., Inc.*, 511 F. Supp. 2d 576, 584-85 (E.D. Pa. 2007) ("the mere presence of a federal standard embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction where there is no federal remedy for a violation of a federal statute").

Indeed, the Supreme Court has recognized that, even where there may be a disputed federal issue in a case brought under state law, federal jurisdiction is appropriate only when the state law claims "turn on substantial questions of federal law" and "implicate significant federal issues." *See Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005); Consistent with those principles, this Court has previously, in *Varco v. Tyco Electronics Corp.*, granted remand because "although there is a necessary and disputed federal issue in this case, the substantiality of the federal issue is not sufficient to convert Plaintiff's state law wrongful discharge into one 'arising under the Constitution, laws, or treatises of the United States.'" Civil Action No. RDB-08-1215, 2009 WL 728571, at *3 (D. Md. Mar. 16, 2009).

Here, Plaintiffs' claims arise only under state laws and matter of state policy; no serious question of federal law is implicated. Plaintiffs allege that by executing the State's right to terminate an agreement with the United States Department of Labor to provide funding for various federal unemployment programs, Defendants acted in violation of Title 8 of the Maryland Labor & Employment Article and Article 24 of the Maryland Declaration of Rights. They do not allege that either Governor Hogan or Secretary Robinson violated the CARES Act or any other federal law. They also do not allege any deficiency or illegality in the operative Agreement between the State of Maryland and the U.S. Department of Labor, which provides in Section XI that "any provisions identified in paragraph XIV may be terminated by either party on thirty days' written notice," and fully allows Governor Hogan (or the federal government) to cease participation in the CARES Act unemployment programs.

Nor does Defendants' argument that the United States Department of Labor is a necessary party persuade this Court otherwise. Defendants contend that a preliminary injunction would necessarily involve the federal government because it would implicate the question of whether, under the CARES Act, the Department of Labor can restart funding to a state that has previously acted to decline it. Plaintiffs, however, are not seeking any relief or funding from the federal government at this time. As the United States Court of Appeals for the Fourth Circuit has explained, the federal question must be an essential element of the plaintiff's complaint and "the anticipation of a defense which arises under federal law does not establish federal jurisdiction."  681 F.2d 942, 945 (4th Cir. 1982). Indeed, just days ago, on June 25, 2021, in a nearly identical matter, an Indiana state court granted relief without involving questions of federal law and without the presence of the United States Department

of Labor as a party. *See T.L. et al. v. Holcomb et al*, Case No. 49D11-2106-PL-020140 (Superior Court, Marion County, Indiana). The Indiana state court granted a preliminary injunction on the grounds that the State of Indiana's decision to prematurely end PUA, PEUC, and FPUC benefits violates Indiana law and codified statements of public policy. *Id.* The relief granted, which only requires Governor Holcomb of Indiana to "notify the U.S. Department of Labor immediately of its continued participation in the CARES Act programs," does not implicate any federal law or federal actor. *Id.*

Finally, given the well-established principle that a federal court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997), this Court must remand in the face of any doubts. *See Mulcahey*, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary"); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

Accordingly, for the reasons stated above, it is this 1st day of July, 2021 hereby ORDERED that:

1. Plaintiffs' Emergency Motion to Remand to State Court (ECF No. 4) is GRANTED;
2. This case shall be REMANDED to the Circuit Court for Baltimore City; and
3. A copy of this Memorandum Order shall be sent to counsel of record.

_____/s/_____

Richard D. Bennett
United States District Judge